NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNY LORENA LOMBO CALDERON; JOSEPH DAVID ESCOBAR LOMBO; CARLOS DAVID ESCOBAR PALACIOS, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5800 <br><br> Agency Nos. <br> A246-269-672 <br> A246-269-673 <br> A246-269-671 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025[**]
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and PITMAN, District Judge.[***]

Jenny Lorena Lombo Calderon, her husband Carlos David Escobar Palacios,

and their son, Joseph (collectively "Petitioners"), citizens and natives of Colombia,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert Pitman, United States District Judge for the Western District of Texas, sitting by designation.

seek review of a decision by the Board of Immigration Appeals ("the Board") affirming an Immigration Judge's ("IJ") denial of Petitioners' application for asylum and withholding of removal. We typically review only the Board's decision but will review both the Board's decision and IJ's decision if the Board adopts the IJ's reasoning. *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). We must uphold the Board's decision if it is supported by substantial evidence. *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011) (citation omitted). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

"We review for substantial evidence the [Board's] determination that a petitioner has failed to establish eligibility for asylum or withholding of removal." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). "This standard is very deferential, requiring only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citation and quotation marks omitted). Here, the Colombian police made reports and investigated Petitioners' claims after Petitioners contacted them. Though the results of the investigations may not have been satisfactory, the efforts undertaken support the conclusion that Colombian police were willing to investigate Petitioners' claims. Moreover, though the country conditions reports reflect that there is an ongoing issue with rebel groups targeting human rights defenders in Colombia, the reports also reflect that the Colombian government has

made a concerted effort in prosecuting perpetrators of such abuses. After reviewing the totality of the evidence, we cannot say that record here compels the conclusion that the Board's decision was incorrect. *Sharma*, 9 F.4th at 1060.

**PETITION DENIED.**[1]

---

[1] Petitioners' pending Motion to Stay Removal (Dkt. No. 34) is accordingly also **DENIED**.